**Vidya WATI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73934.

Agency No. A72–691–061.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2004.*

Decided Feb. 18, 2004.

Ashwani K. Bhakhri, Burlingame, CA, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Luis E. Perez, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Vidya Wati petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of asylum and denial of of withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

We review the BIA's denial of asylum for substantial evidence and reverse only if the evidence was such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Although Wati testified that she had been harassed, robbed and beaten when she lived in Suva, Fiji, she testified that she intended to return to Fiji when she left, and she failed to present compelling evidence that her mistreatment was appreciably different from the hardships suffered by Indo–Fijians in general. *See Singh v. INS*, 134 F.3d 962, 970 (9th Cir. 1998). Wati has failed to present such evidence as might compel a reasonable person to find her eligible for asylum.

As Wati has failed to demonstrate that she is eligible for asylum, she also does not qualify for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

